**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JESUS MIGUEL ONTIVERO VAZQUEZ,**

**Plaintiff,**

**v.**

**SANDRA VERONICA GOMEZ, et al.,**

**Defendants.**

**Case No. 21-1263-HLT-GEB**

**NOTICE AND ORDER TO SHOW CAUSE**

**To Plaintiff Jesus Miguel Ontivero Vazquez**:

Plaintiff, proceeding pro se, brings this action against several defendants. The basis for his claims appears to be an auto accident in which Sandra Veronica Gomez's vehicle allegedly rear-ended Plaintiff's vehicle on February 26, 2020. (Kansas Motor Vehicle Crash Report, ECF No. 1-1 at 70.) Plaintiff brings claims against Ms. Gomez and against her apparent auto insurer, Progressive Company. He also makes claims against two physicians—Dr. Michael Ludlow and Dr. Adam Keesling—who examined Plaintiff after the accident; and against an attorney, Heather Nizzio, with whom he consulted or who allegedly represented Plaintiff in the car accident matter. He also asserts claims against Liberty Mutual, apparently Plaintiff's auto insurance carrier (ECF No. 1-1 at 35, 262).

Plaintiff contends Ms. Gomez is "guilty of causing [him] bodily harm" and Ms. Nizzio is "guilty of poor service by not treating [him] with respect." (ECF No. 1 at 3.) He alleges the doctors were intentionally negligent by hiding the "truth of [his] injuries," and

the insurers were not acting in good faith by failing to reach an agreement and causing him to lose his opportunity to be compensated for his injuries. (*Id.*) He believes he was "discriminated against [by] receiving poor quality medical care," (*id.*) and did not receive the same treatment as a white American. (*Id*. at 12.) He contends Defendants discriminated against him and therefore violated his civil rights. (*Id*. at 3.) He seeks reimbursement for medical bills and compensation for bringing his claims in various jurisdictions, asks that his debt to Defendant Nizzio be relieved, and asks that his "expired work permit be reactivated." (*Id*. at 5.) He also seeks compensation for financial losses due to his loss of employment following the accident. (*Id*. at 6.)

Plaintiff filed both a form Civil Complaint and an Employment Discrimination Complaint. (ECF No. 1.) He contends he submitted prior complaints to the U.S. Department of Justice, the Kansas Insurance Department, the Kansas Board of Healing Arts against each physician, and to the Kansas Human Rights Commission. (ECF No. 1 at 7.) From the supporting documents attached to his Complaint, it appears his complaints to the Kansas Insurance Department (ECF No. 1-1 at 54-55) and Board of Healing Arts (ECF No. 1-1 at 29) were dismissed without further action, and it appears he filed a similar case in the Sedgwick County, Kansas District Court. (ECF No. 1-1 at 5, 19, 31; *see also* Motion for appointment of counsel, ECF No. 3 at 4, noting "even . . . the state courts let them go . . .")

From the allegations presented in the Complaint, this Court is unable to determine whether it has subject matter jurisdiction over Plaintiff's claims. By separate order, Plaintiff was permitted to proceed in this matter without the prepayment of fees. (Order,

ECF No. 9.) Under the *in forma pauperis* statute, 28 U.S.C. § 1915, sua sponte dismissal of this case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."[1] Furthermore, under Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."[2]

Here, this court is unable to determine based upon information provided by Plaintiff whether it has proper subject matter jurisdiction over Plaintiff's claims. Federal courts have limited jurisdiction and must possess subject matter jurisdiction to hear a case.[3] The party invoking federal jurisdiction has the burden to allege facts demonstrating the presence of subject matter jurisdiction.[4] Because Plaintiff proceeds pro se, his pleading must be liberally construed.[5] However, the courts have an obligation to conduct an independent investigation on whether jurisdiction exists. [6]

---

[1] *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)) (citing language contained in § 1915(d), prior to the statute's amendment in 1996).

[2] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3) (emphasis added).

[3] *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003). *See also Perry v. Cowley County Cmty. Coll.*, No. 13-1425-JTM, 2013 WL 6804185, at *1 (D. Kan. Dec. 23, 2013) (discussing the two statutory bases for federal subject-matter jurisdiction: federal jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332) (citing *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003)).

[4] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

[5] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).

[6] *1mage Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

There are two statutory bases for federal subject-matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.[7]

As for federal question jurisdiction, the undersigned determines Plaintiff presents insufficient facts to support this court's federal jurisdiction over his claims. Although he presents numerous conclusory allegations of discrimination, he provides no facts in the pleadings to support his claim of actionable employment discrimination or other form of discrimination. He likewise provides no facts to support a violation of his federal civil rights. Therefore, he provides no cognizable basis for this court to assume federal subject matter jurisdiction over his claims.

As for the second type of jurisdiction, diversity jurisdiction, the Court cannot ascertain whether this type of jurisdiction is available on the basis of the allegations. To the extent Plaintiff claims a negligence claim against Defendant Gomez, the driver of the other auto, or a medical malpractice or other negligence claim against Drs. Ludlow and Keesling, these are state law claims that may only be brought in this Court if diversity jurisdiction is satisfied. This is the same situation as any legal malpractice claim against Defendant Nizzio, or any contractual or bad faith claim against Defendant Progressive or Liberty Mutual Insurance Companies.

To satisfy diversity jurisdiction under 28 U.S.C. § 1332, two requirements must be met:

[7] *Perry*, 2013 WL 6804185, at *1.

> (a) The district courts shall have original jurisdiction of all civil actions where **the matter in controversy exceeds the sum of or value of $75,000**, exclusive of interest and costs, and is between—
>
> . . . .
>
> (2) **citizens of a State and citizens or subjects of a foreign state**, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State.

28 U.S.C. § 1332(a)(2) (emphasis added). Plaintiff's Complaint seeks monetary relief in an amount exceeding $75,000, so that portion of the statute appears satisfied. But, as to the second prong of the statute, each plaintiff must be diverse from each defendant to have what is known as complete diversity.[8] Whether this requirement is met is unclear from the allegations before the Court.

Plaintiff contends he is a citizen of Mexico (ECF No. 1 at 2); however, he lists his residence as Wichita, Kansas. He provides no documentation to demonstrate his legal status in the United States, aside from his claims regarding his expired work permit. Pursuant to allegations in the Complaint, Defendants Gomez, Ludlow, Keesling and Nizzio also reside in the Wichita, Kansas area. (ECF No. 1, 9; ECF No. 1-1 at 1-2.) Plaintiff claims Progressive Company is a Kansas City, Kansas company (*see* ECF No. 1-1 at 1, 202). Plaintiff provides an address for defendant Liberty Mutual in Scranton, Pennsylvania (ECF No. 1-1 at 1.)

Because Plaintiff is apparently domiciled in Kansas, and his allegations indicate all defendants except Liberty Mutual are potentially also citizens of Kansas,

---

[8] *Id*. (citing *Ravenswood Inv. Co. v. Avalon Correctional Serv's.*, 651 F.3d 1219, 1223 (10th Cir. 2011) (citing *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 829 & n. 1 (1989)).

diversity jurisdiction as to the Kansas defendants exists only if Plaintiff is not "lawfully admitted for permanent residence in the United States."[9] Given this unanswered question, the court will require Plaintiff to provide information to the Court that affirmatively states he is a citizen or subject of a particular foreign state, that positively states that as of the filing of his original complaint in this action he was not "lawfully admitted for permanent residence in the United States," *i.e.* he does not have a green card. Plaintiff also may submit written evidence in support of such oral statements.[10] **Plaintiff shall appear in person before the undersigned with said information.**

Furthermore, for any business entity, such as Progressive Company and Liberty Mutual, citizenship is determined by the entity's organizational structure. For example, if the business is a corporation, its citizenship is both the state where its incorporated and the

---

[9] *Lenhardt v. City of Mankato, Kansas*, No. 18-4151-SAC-KGG, 2019 WL 1002417, at *2 (D. Kan. Mar. 1, 2019) (citing numerous cases, including: *Rodriguez v.* Luna, 2014 WL 4099307, at *3 (D. Colo. Aug. 20, 2014) (aliens without lawful status in United States meet the requirement); *see, e.g., Vaka v. Embraer-Empresa Vrasileira De Aeronautica, S.A.*, 303 F. Supp. 2d 1333, 1334 (S.D. Fla. 2003) ("[A]n individual who possesses a visa that confers only temporary resident status remains an alien for diversity purposes." (citations omitted)); *S Rock Partners, LLC v. Kiselev*, 2018 WL 888725, at *7 (D. Conn. Feb. 14, 2018) ("aliens present in this country on any lesser status [than "green cards"] will still be considered aliens, able to invoke alienage jurisdiction against a citizen of [a] state." (citation omitted)); *Sabino v. Hitachi Koki Co., Ltd.*, 2010 WL 1980321, at *1 (E.D. Pa. May 17, 2010) ("Courts across the country have consistently held that 'an alien admitted for permanent residence' refers to an alien who has been formally granted permanent residence in the United States, *i.e.*, obtained a 'green card,'" citing, *e.g., Foy v. Schantz, Schatzman & Aronson, P.A.*, 108 F.3d 1347, 1348-49 (11th Cir. 1997)(courts are "to refer to an alien litigant's official immigration status" to make this determination); *Mejia v. Barile*, 485 F. Supp. 2d 364, 367 (S.D.N.Y. 2007) (aliens who have obtained lawful permanent residence under immigration laws, that is, have received green cards, are aliens admitted for permanent residence); *Miller v. Thermarite Pty. Ltd.*, 793 F. Supp. 306, 307 (S.D. Ala. 1992) ) ("Congress has defined the phrase 'lawfully admitted for permanent residence' as a term of art meaning 'the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws.' INA § 101(a)(20), 8 U.S.C. § 1101(a)(20);" *Pacheco v. Dibco Underground, Inc.*, 2009 WL 10669492, at *2 (W.D. Tex. Apr. 23, 2009)).

[10] *See Lenhardt*, 2019 WL 1002417, at *2.

state where its principal place of business is located.[11] If the business is an unincorporated association (such as a limited liability company, general partnership, or limited partnership), its citizenship is determined by the citizenship of each one of its members.[12] **Although Plaintiff provides apparent mailing addresses for each insurance entity, he does not provide the state where each are incorporated or the state where each principal place of business is located. It is also unclear whether each is a corporation or other type of business entity**.

Although the Court allows Plaintiff some deference as a pro se litigant, it is simply unable to fully consider whether it has diversity jurisdiction over this case, and the pleadings he submitted bear a lack of information. As noted above, despite the leniency afforded to him, the Court cannot "take on the responsibility of serving as his attorney in constructing [his] arguments" or assuming facts not included in the record presented.[13]

**IT IS THEREFORE ORDERED** that on **Wednesday, December 15, 2021, at 11:00 a.m., Plaintiff is to appear in person** before the undersigned in **Room 326, at 401 N. Market, Wichita, Kansas**, to show cause why the undersigned U.S. Magistrate Judge should not recommend this case for dismissal. **Plaintiff must be prepared to discuss the following**: 1) the information regarding Plaintiff's citizenship and permanent resident status, including any affidavit or declaration, and 2) allegations regarding the citizenship

---

[11] 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).
[12] *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014-15 (2016); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002).
[13] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (internal edits omitted) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

of each of the corporate defendants, as described above, to show cause why this case should not be dismissed for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

**IT IS ORDERED** that a copy of this Notice and Order shall be mailed to Plaintiff by certified mail.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 1st day of December, 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge