**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JESUS MIGUEL ONTIVERO VAZQUEZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 21-1263-HLT-GEB |
| | ) |
| **SANDRA VERONICA GOMEZ, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**ORDER**

Plaintiff Jesus Miguel Ontivero Vazquez, proceeding pro se, filed both a form Civil Complaint and form Employment Discrimination Complaint (ECF No. 1) against several defendants, claiming he received subpar medical services due to his race/nationality, and claiming defendants lied about the truth of injuries he suffered in a motor vehicle accident. By separate order, the undersigned requires Plaintiff to show good cause why this matter should not be dismissed for lack of subject matter jurisdiction. (Notice and Order to Show Cause, ECF No. 8.)

This matter is now before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 3) and Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 4, *sealed*). For the reasons set forth below, the Court **GRANTS** the motion to proceed *in forma pauperis* (**ECF No. 4**). Plaintiff's Motion for Appointment of Counsel (**ECF No. 3**) is **DENIED** without prejudice.

I.      **Motion to Proceed Without Payment of Fees (ECF No. 4)**

Under 28 U.S.C. § 1915(a), the Court has the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2] To determine whether a party is eligible to file without prepayment of the fee, the Court commonly reviews the party's financial affidavit and compares his or her monthly expenses with the monthly income disclosed therein.[3]

Both the Tenth Circuit Court of Appeals and this Court have a liberal policy toward permitting proceedings *in forma pauperis*.[4] After careful review of Plaintiff's description of his financial resources (ECF No. 3, *sealed*), and comparison of Plaintiff's listed monthly income to his listed monthly expenses, the Court finds he is financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees **(ECF No. 4)** is **GRANTED.** Although Plaintiff proceeds *in forma pauperis*, the clerk of the court is directed to **stay service of process** pending the Court's

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. April 23, 1999)).
[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).
[3] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL-DJW, 2000 WL 1162684, at *1) (D. Kan. Apr. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL-DJW, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).
[4] *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013) (citing, generally, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987)).

review of Plaintiff's anticipated response to the Show Cause Order filed simultaneously herein (ECF No. 8).[5]

In the event Plaintiff's case proceeds, the Court will extend the service period under Fed. R. Civ. P. 4(m) if necessary.

## II.   Motion for Appointment of Counsel (ECF No. 3)

Parties who are permitted to proceed *in forma pauperis* are subject to 28 U.S.C. § 1915(e)(1), which provides discretionary authority for the court to "request an attorney to represent any person unable to afford counsel."[6] But there is no constitutional right to counsel in a civil action.[7] In its broad discretion, the Court evaluates multiple factors when deciding whether to request an attorney for an indigent party.[8]

In *Castner v. Colorado Springs Cablevision*,[9] the Tenth Circuit identified four factors which are relevant to the district court's decision whether to appoint counsel: (1) the plaintiff's ability to afford counsel, (2) the plaintiff's diligence in searching for counsel, (3) the merits of the plaintiff's case, and (4) the plaintiff's capacity to prepare and present the case without the aid of counsel. Additionally, as in all federal cases, the law requires the plaintiff to state a viable claim for relief and the court must have subject matter jurisdiction over that claim.

---

[5] *See Webb v. Vratil*, No. 12-2588-EFM-GLR, ECF No. 7 (Sept. 28, 2012) (withholding service of process pending review under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3)) (citing *Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005)).
[6] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM-GLR, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).
[7] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).
[8] *Jackson*, 2014 WL 494789, at *1.
[9] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417 (10th Cir. 1992).

Thoughtful and prudent care in appointing representation is necessary so willing counsel may be located,[10] but consideration of the Court's growing docket, the increase in pro se filings, and the limited number of attorneys willing to accept appointment is also paramount.[11]

After careful consideration, the Court declines to appoint counsel to represent Plaintiff at this time. He satisfies the first prong of the *Castner* analysis—his inability to afford counsel—through his financial affidavit provided with his motion to proceed *in forma pauperis*, granted above. He also fulfills the second prong of the analysis—diligence in searching for counsel—by producing the names of more than five attorneys whom he contacted about the case, along with a description of his efforts to obtain representation. (ECF No. 3 at 2-3.)

But despite Plaintiff's satisfaction of these factors, Plaintiff has not satisfied the other prongs of the *Castner* analysis. At this stage, the Court is unable to fully evaluate the merits of Plaintiff's claims given the information presented in his Complaint. As explained in the Order to Show Cause (ECF No. 8) filed simultaneously with this order, the Court has concerns regarding its ability to adjudicate Plaintiff's claims. In the Order, the Court requires Plaintiff to show cause how this Court has subject matter jurisdiction over his claims.

And, Plaintiff's case does not appear unusually complex. He has demonstrated no reason why he is unable to adequately present the case on his own. Plaintiff has shown no

---

[10] *Castner,* 979 F.2d at 1421.
[11] *Jackson,* 2014 WL 494789, at *3.

4

special circumstances, such as mental or physical impairment, which would indicate he is unable to present his claims.[12] His written pleadings and motions appear well-formulated, organized, and coherent.

The Court recognizes that "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[13] as the case progresses. Postponing a decision to appoint counsel allows the Court to gain more information about both the merits of Plaintiff's claims and his ability to present this case to the Court.[14] Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[15]

Under the circumstances, the factors weigh against seeking an attorney to represent Plaintiff at this time. Therefore, the motion for appointment of counsel shall be **DENIED** without prejudice to Plaintiff filing a similar motion at a later time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (**ECF No. 3**) is **DENIED** without prejudice.

---

[12] *Smith v. Phamm*, No. 03-3451-SAC, 2008 WL 631263, at *3 (D. Kan. Mar. 5, 2008).
[13] *Jones v. Maritz Rsch. Co.*, No. 14-2467-SAC, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014) (citing *Ficken v. Alvarez,* 146 F.3d 978, 981 (D.C.Cir.1998)).
[14] *Id*. (citing *Ficken,* 146 F.3d at 981).
[15] *Zillner v. Brennan*, No. 15-9904-DDC-GLR, 2016 WL 81229, at *2-4 (D. Kan. Jan. 7, 2016) (citing *Ficken*, 146 F.3d at 981 (internal citations omitted)).

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 1st day of December, 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
