**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JESUS MIGUEL ONTIVERO VAZQUEZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  Case No. 21-1263-HLT-GEB |
| | ) |
| **SANDRA VERONICA GOMEZ, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

This matter is before the Court on Plaintiff's recent Responses to the Court's Show Cause Order. (Order, ECF No. 8; Responses, ECF Nos. 11, 12.) On December 15, 2021, the Court held an in-person hearing to discuss the status of the matter. Plaintiff Jesus Miguel Ontiveros Vazquez appeared on his own behalf. Defendants have not yet been served and therefore have not joined the case. After thorough review of the docket and following discussions with Plaintiff, Plaintiff is required to file an Amended Complaint by **December 31, 2021**. Additionally, Plaintiff's motion for change of venue (**ECF No. 7**) is **DENIED** without prejudice as premature.

### I.   Sufficiency of the Pleadings

Plaintiff, proceeding pro se, brings this action against several defendants. The basis for his claims appears to be an auto accident in which Sandra Veronica Gomez's vehicle allegedly rear-ended Plaintiff's vehicle on February 26, 2020. (Kansas Motor Vehicle Crash Report, ECF No. 1-1 at 70.) Plaintiff brings claims against Ms. Gomez and against her apparent auto insurer, Progressive Company. He also makes claims against two

Case 6:21-cv-01263-HLT-GEB   Document 14   Filed 12/16/21   Page 2 of 8

physicians—Dr. Michael Ludlow and Dr. Adam Keesling—who examined Plaintiff after the accident; and against an attorney, Heather Nizzio, with whom he consulted or who allegedly represented Plaintiff in the car accident matter. He also asserts claims against Liberty Mutual, apparently Plaintiff's auto insurance carrier (ECF No. 1-1 at 35, 262).

Plaintiff filed both a form Civil Complaint and an Employment Discrimination Complaint. (ECF No. 1.) From the allegations presented in the Complaint, this Court is unable to determine whether it has subject matter jurisdiction over Plaintiff's claims. As previously noted, federal courts have limited jurisdiction and must possess subject matter jurisdiction to hear a case.[1] Plaintiff, as the party invoking federal jurisdiction, has the burden to allege facts demonstrating the presence of subject matter jurisdiction.[2] Because Plaintiff proceeds pro se, his pleading must be liberally construed.[3] However, the courts have an obligation to conduct an independent investigation on whether jurisdiction exists.[4]

By prior order, the Court outlined its concerns regarding whether Plaintiff demonstrated this Court's diversity jurisdiction over his claims under 28 U.S.C. § 1332. (Order to Show Cause, ECF No. 8.) The Court had two primary concerns: 1) Plaintiff's own citizenship, and 2) the citizenship of the defendant insurance companies. (*Id.*) Plaintiff's Complaint adequately alleged the citizenship of the individual defendants. (*Id.*)

---

[1] *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003). *See also Perry v. Cowley County Cmty. Coll.*, No. 13-1425-JTM, 2013 WL 6804185, at *1 (D. Kan. Dec. 23, 2013) (discussing the two statutory bases for federal subject-matter jurisdiction: federal jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332) (citing *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003)).
[2] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).
[3] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[4] *1mage Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

First, Plaintiff contends he is a citizen of Mexico (ECF No. 1 at 2); however, he lists his residence as Wichita, Kansas. In his Complaint, he provides no documentation to demonstrate his legal status in the United States, aside from his claims regarding his expired work permit. In his Responses to the Court's show cause order, Plaintiff notes he is an immigrant who was born in Mexico (ECF No. 11 at 11) and he does not have a green card. (*Id.* at 14.) He provides documents from an apparent U.S. Department of Justice Immigration Court proceeding which reflects he was potentially going to be removed from the United States but the case was closed in 2017. (*Id.* at 18-19.) His U.S. work permit expired in 2017. (*Id.* at 21). Additionally, during the December 15, 2021 hearing, Plaintiff affirmatively stated on the record that he is not a legal U.S. citizen. Therefore, the Court considers Plaintiff has appropriately responded to the show cause order regarding his own citizenship, because he is not "lawfully admitted for permanent residence in the United States."[5]

---

[5] *Lenhardt v. City of Mankato, Kansas*, No. 18-4151-SAC-KGG, 2019 WL 1002417, at *2 (D. Kan. Mar. 1, 2019) (citing numerous cases, including: *Rodriguez v.* Luna, 2014 WL 4099307, at *3 (D. Colo. Aug. 20, 2014) (aliens without lawful status in United States meet the requirement); *see, e.g., Vaka v. Embraer-Empresa Vrasileira De Aeronautica, S.A.*, 303 F. Supp. 2d 1333, 1334 (S.D. Fla. 2003) ("[A]n individual who possesses a visa that confers only temporary resident status remains an alien for diversity purposes." (citations omitted)); *S Rock Partners, LLC v. Kiselev*, 2018 WL 888725, at *7 (D. Conn. Feb. 14, 2018) ("aliens present in this country on any lesser status [than "green cards"] will still be considered aliens, able to invoke alienage jurisdiction against a citizen of [a] state." (citation omitted)); *Sabino v. Hitachi Koki Co., Ltd.*, 2010 WL 1980321, at *1 (E.D. Pa. May 17, 2010) ("Courts across the country have consistently held that 'an alien admitted for permanent residence' refers to an alien who has been formally granted permanent residence in the United States, *i.e.*, obtained a 'green card,'" citing, *e.g., Foy v. Schantz, Schatzman & Aronson, P.A.,* 108 F.3d 1347, 1348-49 (11th Cir. 1997)(courts are "to refer to an alien litigant's official immigration status" to make this determination); *Mejia v. Barile*, 485 F. Supp. 2d 364, 367 (S.D.N.Y. 2007) (aliens who have obtained lawful permanent residence under immigration laws, that is, have received green cards, are aliens admitted for permanent residence); *Miller v. Thermarite Pty. Ltd.*, 793 F. Supp. 306, 307 (S.D. Ala. 1992) ) ("Congress has defined the phrase 'lawfully admitted for permanent residence'

Second, Plaintiff has not yet fully responded to the Court's concerns regarding the citizenship of the defendant insurance companies. Plaintiff claims in his Response to the Show Cause Order (ECF Nos. 11, 12) and in his proffer to the Court in hearing that Progressive Company does busines and has a mailing address in Kansas City, Kansas (*see* ECF No. 1-1 at 1, 202; ECF No. 12 at 11, 12-3 at 48) but may be headquartered in Tampa, Florida. (*See, e.g.*, ECF No. 12 at 11.) Plaintiff provides an address for defendant Liberty Mutual in Scranton, Pennsylvania in his pleadings (ECF No. 1-1 at 1) and proffered during the hearing that Liberty Mutual is a Pennsylvania company. However, Plaintiff still has not affirmatively stated the companies' organizational structure, state(s) of incorporation, or principal place(s) of business. For example, if the business is a corporation, its citizenship is both the state where its incorporated and the state where its principal place of business is located.[6] If the business is an unincorporated association (such as a limited liability company, general partnership, or limited partnership), its citizenship is determined by the citizenship of each one of its members.[7] Although Plaintiff provides apparent mailing addresses for each insurance entity, he does not provide **the state where each are incorporated or the state where each principal place of  business is located**. It is also unclear **whether each is a corporation or other type of business entity**.

---

as a term of art meaning 'the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws.' INA § 101(a)(20), 8 U.S.C. § 1101(a)(20);" *Pacheco v. Dibco Underground, Inc.*, 2009 WL 10669492, at *2 (W.D. Tex. Apr. 23, 2009)).

[6] 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

[7] *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014-15 (2016); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002).

The Court allows Plaintiff deference as a pro se litigant and understands given Plaintiff's confirmation of his status as a non-citizen, the U.S. citizenship of the defendant insurance companies is unlikely to destroy diversity jurisdiction. However, in an attempt to solidify the pleadings in this matter and assure the Court of its jurisdiction to hear this case, the Court requires Plaintiff to amend his Complaint to address the diversity concerns noted both in this Order and the Court's prior Orders. Despite the leniency afforded to him, the Court cannot "take on the responsibility of serving as his attorney in constructing [his] arguments" or assuming facts not included in the record presented.[8] Furthermore, in the event this matter continues, given Plaintiff's pro se status and the Court's allowance for him to proceed without prepayment of the filing fee, Plaintiff's pleadings must be complete and concise for anticipated service by the clerk under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).

**IT IS THEREFORE ORDERED** that Plaintiff file an Amended Complaint no later than **December 31, 2021**. The form of his prior Complaint (ECF No. 1) and Supplement (ECF No. 6) is sufficient; however, his Amended Complaint must contain the information discussed in the Court's Show Cause Order (ECF No. 8) and at the December 15th hearing, including: 1) the information regarding Plaintiff's citizenship and permanent resident status, and 2) allegations regarding the citizenship of each Defendant, including the corporate defendants as described above, to invoke this Court's subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff is reminded that his Amended Complaint will

---

[8] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (internal edits omitted) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).

replace his Complaint and later supplement as the new, operative pleading outlining his claims in this matter.

## II.     Plaintiff's Motion for Change of Venue (ECF No. 7)

Plaintiff filed this matter on October 29, 2021, and designated Wichita, Kansas as the place of trial. (ECF No. 1 at 8.) He recently filed a Motion seeking to change the location of trial to Kansas City. He indicates he does not "think [he] will be lucky in Wichita Kansas to get legal representation" in part "[b]ecause all the defendants lie." (ECF No. 7 at 1.) He contends he is at "a disadvantage, because the defendants know each other here in Wichita." (*Id*. at 2.)

Although the parties are required to designate a place of trial in their pleadings, D. Kan. Rule 40.2(e) makes clear the Court is not bound by the parties' requests regarding place of trial, and may determine the place of trial upon motion by any party.[9] The district court has broad discretion to decide the location of trial "based on a case-by-case review of convenience and fairness."[10]

When determining the place of trial, the relevant factors considered are: (1) Plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other practical considerations that make a trial easy, expeditious and economical.[11] "It is

---

[9] *Lopez-Aguirre v. Bd. of Cty. Comm'rs of Shawnee Cty., KS*, No. 12-2752-JWL, 2014 WL 853748, at *1 (D. Kan. Mar. 5, 2014) (citing D. Kan. Rule 40.2).
[10] *Id*. (citing *Twigg v. Hawker Beechcraft Corp.,* 2009 WL 1044942, at * 1–2 (D. Kan. Apr. 20, 2009) (noting the "courts of this district generally look to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a)").
[11] *Bright v. BHCMC, LLC,* No. 17-2529-JWL-GEB, 2018 WL 398450, at *2 (D. Kan. Jan. 12, 2018) (discussing D. Kan. Rule 40.2(e) and factors relevant to a 28 U.S.C. § 1404(a) motion for

the moving party's burden to show that the designated forum is inconvenient."[12] "Generally, unless the balance weighs strongly in favor of transfer, the plaintiff's choice of forum is not disturbed." However, when "the plaintiff does not reside in the chosen forum, the rationale for allowing plaintiff to dictate the forum evaporates."[13]

Here, it appears Plaintiff and at least four of the named defendants reside in Wichita, and the subject accident, medical care, and related occurrences also occurred in Wichita. It does not appear there are any connections between the facts of this lawsuit and Kansas City. Because Plaintiff does not reside in Kansas City, and the connection to Kansas City is not related to the facts from which this lawsuit arose, the Court finds the factors it is bound to address are highly likely to weigh in favor of the trial remaining in Wichita. Courts in the District of Kansas have "consistently held" that plaintiffs who bring lawsuits "against a Wichita-based [defendant] can get a fair trial in Wichita and that concerns to the contrary may be adequately addressed during voir dire."[14]

However, at this juncture, the Defendants have not yet been served with the pleadings or entered this lawsuit. Therefore, both the Court and the parties are unable to fully ascertain Defendants' position on transfer or the weight of the factors to be

---

change of venue) (citing *Lopez-Aguirre*, 2014 WL 853748, at *1; *Taher v. Wichita State Univ.*, No. 06-2132-KHV-DJW, 2007 WL 1149143, at *1 (D. Kan. Apr. 18, 2007)).

[12] *Agustonelli*, 2004 WL 825300, at *8 (citing *Wiggans v. Hartford Life & Accident Ins. Co.,* No. 02–2080–JWL, 2002 WL 731701, at *2 (D. Kan. April 15, 2002)).

[13] *Bright*, 2018 WL 398450, at *2 (citing *Smith v. Staffmark Temp. Agency*, No. 07-2089-CM-GLR, 2007 WL 2436669, at *1 (D. Kan. Aug. 22, 2007) (quoting *Spires v. Hosp. Corp. of Am.*, No. 06–2137-JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006))). *See also Lopez-Aguirre*, 2014 WL 853748 at *1-2 (citing *Twigg*, 2009 WL 1044942, at * 1–2) (noting "because that rule turns on the assumption that the plaintiff resides in the chosen forum, it is largely inapplicable if, as here, the plaintiff does not reside there.")

[14] *Wood*, 2019 WL 2523577, at *2 (quoting *Benson*, 2007 WL 1834010, at *4 n.3).

7

considered, such as the location and accessibility of all potential witnesses and their willingness to appear at trial without compulsory process. It is simply too early for the Court to make this call. In the event a later designation of witnesses and sources of evidence clarify these issues, the Court may more appropriately consider all necessary factors at a later time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Change of Venue is **DENIED** without prejudice to later refiling after Defendants have entered the case and Fed. R. Civ. P. 26(a) initial disclosures are exchanged.

**IT IS FURTHER ORDERED** that a copy of this Order shall be mailed to Plaintiff by certified mail.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 16th day of December, 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge