IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JESUS MIGUEL ONTIVERO VAZQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-1263-HLT-GEB |
| | ) | |
| SANDRA VERONICA GOMEZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

This matter is before the Court on Plaintiff's Amended Complaint. (ECF No. 16.)
On December 15, 2021, the Court held an in-person hearing to discuss the status of this
case. Plaintiff was ordered to file an Amended Complaint by December 31, 2021, and he
has done so. After review of the Amended Complaint and as described below, the Court
finds sufficient reason for this matter to proceed and orders the clerk to undertake service
of process on all Defendants.

As noted in prior orders, Plaintiff Jesus Miguel Ontiveros Vazquez, proceeding pro
se, brings this action against several defendants. The basis for his claims is an auto accident
in which Sandra Veronica Gomez's vehicle allegedly rear-ended Plaintiff's vehicle on
February 26, 2020. (Kansas Motor Vehicle Crash Report, ECF No. 1-1 at 70.) Plaintiff
brings claims against Ms. Gomez and against her apparent auto insurer, Progressive
Company. He also makes claims against two physicians—Dr. Michael Ludlow and Dr.
Adam Keesling—who examined Plaintiff after the accident; and against an attorney,
Heather Nizzio, with whom he consulted or who allegedly represented Plaintiff in the car

accident matter. He also asserts claims against Liberty Mutual, apparently Plaintiff's auto insurance carrier (ECF No. 1-1 at 35, 262).

To initiate the case, Plaintiff filed both a form Civil Complaint and an Employment Discrimination Complaint. (ECF No. 1.) But from the allegations presented in the original pleadings, the Court was unable to determine whether it possesses subject matter jurisdiction over Plaintiff's claims. As previously noted, federal courts have limited jurisdiction and must possess subject matter jurisdiction to hear a case.[1] Plaintiff, as the party invoking federal jurisdiction, has the burden to allege facts demonstrating the presence of subject matter jurisdiction.[2] Because Plaintiff proceeds pro se, his pleading must be liberally construed.[3] However, the courts have an obligation to conduct an independent investigation on whether jurisdiction exists.[4]

By prior order, the Court outlined its concerns regarding whether Plaintiff demonstrated this Court's diversity jurisdiction over his claims under 28 U.S.C. § 1332. (Order to Show Cause, ECF No. 8.) The Court had two primary concerns: 1) Plaintiff's own citizenship, and 2) the citizenship of the defendant insurance companies. (*Id*.) Plaintiff's Complaint adequately alleged the citizenship of the individual defendants. (*Id*.)

---

[1] *Nicodemus v. Union Pac. Corp.,* 318 F.3d 1231, 1235 (10th Cir. 2003). *See also Perry v. Cowley County Cmty. Coll.*, No. 13-1425-JTM, 2013 WL 6804185, at *1 (D. Kan. Dec. 23, 2013) (discussing the two statutory bases for federal subject-matter jurisdiction:  federal jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332) (citing *Nicodemus v. Union Pac. Corp.,* 318 F.3d 1231, 1235 (10th Cir. 2003)).
[2] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).
[3] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[4] *Image Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

As noted by prior order, Plaintiff has appropriately responded to the show cause order and included allegations in his Amended Complaint regarding his own citizenship, because he is a citizen of Mexico and not "lawfully admitted for permanent residence in the United States."[5]

Second, Plaintiff has now responded to the Court's concerns regarding the citizenship of the defendant insurance companies. His Amended Complaint clearly outlines the citizenship of Progressive Company and Liberty Mutual (ECF No. 16). As previously noted, if a business is a corporation, its citizenship is both the state where its incorporated and the state where its principal place of business is located.[6] He alleges Progressive is a corporation incorporated in the state of Ohio, with a principal place of business in a state other than the state of which Plaintiff is a citizen. (*Id.* at 4.) He further alleges Liberty

---

[5] *Lenhardt v. City of Mankato, Kansas*, No. 18-4151-SAC-KGG, 2019 WL 1002417, at *2 (D. Kan. Mar. 1, 2019) (citing numerous cases, including: *Rodriguez v.* Luna, 2014 WL 4099307, at *3 (D. Colo. Aug. 20, 2014) (aliens without lawful status in United States meet the requirement); *see, e.g., Vaka v. Embraer-Empresa Vrasileira De Aeronautica, S.A.*, 303 F. Supp. 2d 1333, 1334 (S.D. Fla. 2003) ("[A]n individual who possesses a visa that confers only temporary resident status remains an alien for diversity purposes." (citations omitted)); *S Rock Partners, LLC v. Kiselev*, 2018 WL 888725, at *7 (D. Conn. Feb. 14, 2018) ("aliens present in this country on any lesser status [than "green cards"] will still be considered aliens, able to invoke alienage jurisdiction against a citizen of [a] state." (citation omitted)); *Sabino v. Hitachi Koki Co., Ltd.*, 2010 WL 1980321, at *1 (E.D. Pa. May 17, 2010) ("Courts across the country have consistently held that 'an alien admitted for permanent residence' refers to an alien who has been formally granted permanent residence in the United States, *i.e.*, obtained a 'green card,'" citing, *e.g., Foy v. Schantz, Schatzman & Aronson, P.A.*, 108 F.3d 1347, 1348-49 (11th Cir. 1997)(courts are "to refer to an alien litigant's official immigration status" to make this determination); *Mejia v. Barile*, 485 F. Supp. 2d 364, 367 (S.D.N.Y. 2007) (aliens who have obtained lawful permanent residence under immigration laws, that is, have received green cards, are aliens admitted for permanent residence); *Miller v. Thermarite Pty. Ltd.*, 793 F. Supp. 306, 307 (S.D. Ala. 1992) ) ("Congress has defined the phrase 'lawfully admitted for permanent residence' as a term of art meaning 'the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws.' INA § 101(a)(20), 8 U.S.C. § 1101(a)(20);" *Pacheco v. Dibco Underground, Inc.*, 2009 WL 10669492, at *2 (W.D. Tex. Apr. 23, 2009)).
[6] 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

Mutual is incorporated in Massachusetts, with a principal place of business in a state other than the one of which he is a citizen. (*Id.*) Plaintiff attaches to his Complaint not only the statement of jurisdiction but mailing addresses and information regarding each company's organizational structure. (*See id.* at 22-33.)

Although the Court has some questions regarding the proper service address given the information provided by Plaintiff, the Court allows Plaintiff deference as a pro se litigant. Given Plaintiff's confirmation of his status as a non-citizen, the U.S. citizenship of the defendant insurance companies is unlikely to destroy diversity jurisdiction, and the Court is satisfied this matter may proceed.

**IT IS THEREFORE ORDERED** that Plaintiff's deadline for service of process under Fed. R. Civ. P. 4(m) is extended up to and including **February 28, 2022**.

**IT IS FURTHER ORDERED** that service of process shall be undertaken by the clerk of court under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). Pursuant to Fed. R. Civ. P. 4 and K.S.A. § 40-218 and K.S.A. § 60-304(g), to effect service on defendants **Progressive Direct Insurance Company** and **Liberty Mutual Insurance Company**, a copy of the Summons and Amended Complaint must be directed to the specific entities Kansas Commissioner of Insurance at:

> Commissioner of Insurance
> Kansas Insurance Department
> 1300 SW Arrowhead Road
> Topeka, Kansas 66604– 407

All other named Defendants must be served with process, including the Summons and Amended Complaint, at the addresses contained in the Amended Complaint. (ECF No. 16.)

**IT IS FURTHER ORDERED** that a copy of this Order shall be mailed to Plaintiff by regular U.S. mail.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 29th day of December, 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge